UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOMAN CAUDILL | No. 1:23-cr-00112-JAW |

**GOVERNMENT'S SENTENCING MEMORANDUM**

In anticipation of the sentencing of the Defendant Toman Caudill, the government submits this sentencing memorandum. The government agrees with the guideline calculation contained in the Revised Presentence Investigation Report ("PSR") and recommends a guideline sentence of 51 months imprisonment, followed by a 3-year term of supervised release. The government also recommends a $100 special assessment.[1]

**A. Offense Conduct**

The Defendant armed himself with a loaded handgun in his waistband and a box of ammunition in his backpack, despite multiple prior felony convictions. PSR ¶¶ 8, 10. He went for a walk with his fiancée and their young child, had an altercation with another male, removed the handgun from his waistband, and fired a single shot into the air. PSR ¶ 6. He and his fiancée claimed the other male had approached them with a baseball bat during this altercation. PSR ¶¶ 7-8. Other witnesses confirmed there had been an altercation prior to the shot and stated the Defendant had pointed the firearm at the other male. PSR ¶ 7. This all occurred in broad daylight, in a residential neighborhood, with numerous children nearby. PSR ¶ 7.

---

[1] The government also expects to move to dismiss the indictment's forfeiture allegation, as the items at issue in this case were previously forfeited administratively by the ATF.

### B. PSR's Guideline Calculation

On January 17, 2024, the Defendant pleaded guilty to the one-count indictment in this case. PSR ¶ 3. That count alleged Possession of a Firearm and Ammunition by a Prohibited Person. PSR ¶ 2. The PSR calculates the base offense level in this case as 20. PSR ¶ 16. After a 3-point reduction for acceptance of responsibility, the Defendant's total offense level becomes 17. PSR ¶ 25. The Defendant scored 16 criminal history points, leading to a criminal history category of VI. PSR ¶ 38.

The PSR calculates the Defendant's advisory guideline range as 51 months to 63 months. PSR ¶ 71. The guideline term of supervised release is 1 to 3 years. PSR ¶ 75. The Defendant is not eligible for probation under the guidelines and faces a $100 mandatory special assessment. PSR ¶¶ 77, 79.

### C. PSR Objections

There are no outstanding objections to the PSR. *See* PSR Addendum.

### D. Sentencing Framework

The Court must consider the "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider, "the kinds of sentences available," the calculated guideline range and any relevant policy statements of the Sentencing Commission, "the need to avoid unwarranted sentence disparities," and "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(3)-(7). In determining the appropriate sentence, the statute further directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with" the following purposes:

- "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;

2

- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2).

### E. Sentencing Argument

In the instant case—as explained above—the Defendant armed himself with a loaded handgun, despite multiple prior felony convictions. Whether in defense of himself and his family or not, he then discharged that firearm in a busy residential neighborhood, creating serious risk to innocent bystanders. Meanwhile, the Defendant has steadily acquired criminal history points since 2014. PSR ¶ 27. His prior convictions—which include multiple domestic violence assault convictions and a conviction for criminal threatening with a dangerous weapon—show that this Defendant is prone towards violent and dangerous behavior, much like the behavior that resulted in the current offense. PSR ¶¶ 31, 34, 35, 37. In other words, the conduct at issue and the Defendant's history and characteristics are extremely serious and show that this episode was not a one-time mistake in an otherwise law-abiding life.

The government's recommended sentence would be a lawful sentence within the calculated guideline range. As a guideline sentence, it would avoid unwarranted sentence disparities. There is no restitution at issue. The recommended sentence would also serve the purposes of sentencing. A 51-month sentence for possessing a firearm is a serious sentence that would reflect the serious nature of the Defendant's misconduct. It would promote deterrence. To this point, it appears the longest period of incarceration for the Defendant has been 18-months. A 51-month term of imprisonment would therefore constitute a significant increase, which would promote deterrence and

hopefully protect the public from further crimes of this Defendant. It would also give the Defendant ample time to take advantage of both BOP programming and the assistance of a United States Probation Officer during a 3-year period of supervised release.

### F. Conclusion

For the reasons stated above, and as will be further explained at the sentencing hearing in this matter, the government recommends a guideline sentence of 51 months imprisonment, followed by a 3-year term of supervised release. The government also recommends a $100 special assessment.

Date:  April 29, 2024                                  Respectfully Submitted:

DARCIE N. MCELWEE
United States Attorney

*/s/ Ethan Plaut*
Ethan Plaut
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME  04401
(207) 780-3257
Ethan.Plaut@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 29, 2024, I electronically filed the Government's Sentencing Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

William Maselli
Counsel for the Defendant

                                              DARCIE N. MCELWEE
                                              United States Attorney

                                   BY: /s/ Ethan Plaut
                                              Ethan Plaut
                                              Assistant U.S. Attorney
                                              United States Attorney's Office
                                              202 Harlow Street, Suite 111
                                              Bangor, ME 04401
                                              (207) 945-0373
                                              Ethan.Plaut@usdoj.gov